## EUGENE RUSSELL *et al.*
## *v.*
## THE PEOPLE OF THE STATE OF ILLINOIS.

TRIAL — *separation of the jury.* If a jury, in a capital case, during the progress of the trial, separate without the authority of the court, their verdict will be set aside, where it appears, that, in consequence of such separation, they were exposed to improper influences, which might have operated to the prejudice of the accused in such manner as to affect their verdict.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This case is sufficiently stated in the opinion.

Messrs. COOPER & WOOD, for the plaintiffs in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for murder, on the trial of which the plaintiffs in error were found guilty and sentenced to be hung. There was a motion for a new trial, which was overruled. On the hearing of this motion, it was clearly shown, that, during the progress of the trial, one of the jurors separated from the other jurymen, and went about the streets and railroad station in the company of other persons without being

in charge of an officer; that another went to his residence un-attended by an officer, and remained there more than an hour in the company of other persons; that another went unat-tended to a public debate; that another went to the house of an acquaintance, and conversed with him about the case and the evidence, no officer being present. It is difficult to under-stand how the officer in charge of the jury can have been so remiss in his duties. It is not claimed that this separation was by authority of the court. The affidavits of the jurors were taken to show that while thus separated they neither heard nor saw any thing that influenced their verdict, but one of them admits he had conversed about the case and the evi-dence with the person whose affidavit had been taken. He thinks he heard nothing prejudicial to the prisoners. The rule laid down in *McKinney* v. *The People*, 2 Gilm. 553, and *Jumpertz* v. *The People*, 21 Ill. 411, is, that the court must grant a new trial if the jury separate, "unless such separation was the result of misapprehension, accident or mistake on the part of the jury, and under circumstances to show that such separation could by no possibility have resulted to the preju-dice of the prisoner." This is not shown in the present instance, and the case is a far stronger one for a new trial than was that of Jumpertz. The jurors may have honestly believed they heard nothing outside of the jury-box which influenced their verdict, yet they were greatly exposed to ex-ternal influences, and these influences might have operated insensibly to themselves, especially in regard to the juror who had the conversation with a third person.

Under the authority of the cases above quoted we must reverse the judgment and remand the case for a new trial.

*Judgment reversed.*